Marilyn Ann BEREUTER, Respondent,

v.

William F. BEREUTER, Appellant.

No. 46277.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Daniel E. Nack, St. Charles, for appellant.

Rebecca A. Kaley, Clayton, for respondent.

CRIST, Judge.

Appeal from a denial of a motion to set aside an order for temporary maintenance, child support, attorney fees and costs pendente lite. The original motion was set for September 1, 1982. Only wife and her attorney appeared and presented evidence. The trial court ordered husband to pay wife $75.00 per week per child, $42.00 per week maintenance, and $750.00 in attorney fees. Shortly after the hearing ended, husband's attorney appeared. He stated he had fired his secretary and hired a new one and neither had advised him of the setting.

The trial court refused to permit husband's attorney to cross-examine wife or continue the hearing. The order was temporary and husband had an opportunity to pursue these matters in the hearing on the merits. Since this appeal was taken, a dissolution of the marriage has been granted.

■ Husband's attorney asserts the trial court erred in failing to set aside the order pendente lite. We disagree. There was no abuse of trial court's discretion because husband's attorney did not offer a legitimate excuse for his non-appearance. The hearing was on a motion and not a dismissal of the case. See *Horobec v. Mueller,* 628 S.W.2d 942, 944 (Mo.App.1982) and *Davis v. Moore,* 610 S.W.2d 665, 669 (Mo.App.1980).

■ Husband's second point regarding appointment of a guardian ad litem to represent the children is also without merit. Although mentioned in the pleadings for the dissolution of marriage, the issue of paternity was not specifically raised in this motion. Further, the rule requiring a guardian ad litem is for the benefit of the children, not one of the parties to the marriage. *In re Marriage of B,* 619 S.W.2d 91, 93 (Mo.App.1981). Since this was a temporary order subject to change in the hearing on the merits (where a guardian ad litem could be appointed), we cannot say the rights of the children were prejudiced by this order.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.