**Essie Darlene HART, Respondent,**

v.

**William Hollie HART, Appellant.**

No. 53075.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 8, 1987.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, for appellant.

Clinton B. Roberts, Roberts, Roberts & Pratte, Farmington, for respondent.

GRIMM, Judge.

This is a dissolution of marriage case. The husband, William Hart, appeals the trial court's award of $400 per month maintenance to the wife claiming it is excessive. The wife, Essie Hart, in a cross-appeal,

complains that the trial court, in its division of marital property, failed to consider the husband's marital misconduct. The appeals are consolidated here. We affirm the judgment of the trial court both on the award of maintenance and on the division of property.

A review of the facts reflects that husband and wife were married October 14, 1948, and separated May 1, 1986. At the time of the hearing in January, 1987, husband was 60 years old and had a 5th grade education. A self-employed hauler of lime for about 25 years, he also hauls sand and conducts a farming operation, raising cattle for sale. Husband had a quadruple coronary bypass operation in 1982 from which he has some numbness.

Wife, 54 years old, the mother of three children, helped her husband with his business and served as a homemaker during the marriage. She went to the tenth grade and is presently attending Mineral Area College to get her G.E.D. Wife then plans to attend a two-year program to try and get a licensed practical nurse degree. She had surgery twice resulting in a new eardrum and the replacement of all the bones in an ear. She sees her ear specialist once a year, a "heart doctor" twice a year, and also goes to a gynecologist.

Wife testified that "ever since we've been married," husband has mistreated her; "there's been times when he was better and other times he wasn't." He has struck her several times, the most recent being about one and one-half years before the hearing. Her testimony was basically supported by testimony of two adult daughters. Husband, on the other hand, said he only hit his wife one time, about 20 years ago. He denied that he even threatened to hurt her.

Husband's income from his hauling business in 1983, according to tax records, was $16,901; 1984, $11,872; 1985, $10,522; and 1986, $12,890. Those figures were net after taking depreciation of $3,623, $4,129, $3,884, and $2,159 respectively. The farming operation always operated at a deficit, losing $455 in 1983; $5,244 in 1984; $3,914 in 1985; and $6,070 in 1986. These losses were net after depreciation expenses, related to the farm, of $1,677, $3,646, $5,014, and $4,986 respectively. Before 1983, depreciation was based on either a straight line or declining balance basis; since 1983, on an accelerated cost recovery system.

The trial court assigned values to all of the marital assets. Husband had requested that he be allowed to purchase wife's interest in the farm and trucking business, which the court permitted him to do. The court awarded about fifty percent of the total value of the assets to each party.

Wife submitted an income and expense statement which indicated monthly expenses of $1,062.98. At trial, she indicated that she and a daughter were living together in an apartment sharing expenses. Based on that living arrangement, she indicated monthly expenses of $630.00, plus an unstated amount for clothing, dental, contributions, miscellaneous, and entertainment. Wife had no income.

Husband's income and expense statement indicated monthly expenses of $1,732.37. Of that sum, $1,072.40 was for truck and farm insurance, most of which (if not all) was shown as a business expense; as such, it would lower his taxable income.

The trial court ordered husband to pay wife $400 per month as maintenance.

The decree must be sustained if it is supported by substantial evidence, it is not against the weight of the evidence, and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

On appeal to this court, husband challenges the award of maintenance to wife. Husband alleges that it was an abuse of discretion for the trial court to award wife $400 per month maintenance in view of the fact that wife received $60,888 cash in the distribution of marital property and is capable of working, whereas, husband is financially unable to pay this amount and husband is being punished for his alleged marital misconduct. We disagree, because the determination of the amount of maintenance is within the sound discretion of the trial court; for us to interfere, the amount

of maintenance must be patently unwarranted and wholly beyond the means of the spouse paying maintenance. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.E.D.1982).

■ Husband first argues that wife has sufficient property to provide for her needs and thus, should be denied maintenance. Husband contends that the $60,000 in cash is liquid income producing property which she can invest and amply survive on. It is true that the $60,000 could be invested, and if it produced a 7% return per year, it would provide wife with $4,200 a year or $350 a month; at 8%, $4800 a year or $400 per month. Thus, added together with the $400 per month maintenance, wife would have income of $750 to $800 per month. Considering the evidence before the court that her needs were between $630 and $1,062.98 per month, it is apparent that the trial court could find that she needs not only the maintenance awarded, but also the additional funds which can be earned on the investment. A wife should not have to dispose of her assets or consume marital property for living expenses before she is entitled to maintenance. *In re Marriage of Arnold*, 632 S.W.2d 28, 29 (Mo.App.S.D. 1982).

■ Husband also claims that wife should be denied maintenance, or at least only receive maintenance for a limited duration. He argues that she is capable of working, is pursuing a L.P.N. degree and, at the worse, in two years should be able to work as a L.P.N. Wife was a homemaker during the marriage and relied on her husband to provide monetary support. When there is this type of reliance and the wife stays out of the marketplace, thereby injuring her marketable skills, maintenance may be awarded. *Bruggeman v. Brueggemann*, 551 S.W.2d 853, 857 (Mo.App.E.D. 1977). Here, there is no evidence that wife can obtain employment with her current skills. Wife is currently unable to support herself through appropriate employment, she lacks sufficient property to provide for her needs without consuming the corpus of the property, and therefore is entitled to maintenance. Section 452.335 (RSMo. 1986).

■ The award of maintenance should not be of limited duration, as the husband argues. Maintenance awards of limited duration are not to be made in speculation about future circumstances of the parties. The amount of time wife will need to obtain her G.E.D. and L.P.N. is sufficiently uncertain that the trial court did not abuse its discretion by not limiting the duration of the maintenance award. *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 489 (Mo.App.W.D.1984). There is no concrete evidence that wife's financial ability to support herself will change in the near future. Husband's recourse is to institute a proceeding to modify the maintenance award when wife's circumstances change.

■ Husband also claims that he is unable to pay $400 per month and is being punished for alleged misconduct. First, husband has regular employment and has had a relatively consistent income. He has had sufficient cash flow to pay the maintenance. Second, husband's testimony concerning his expenses did not establish that he was unable to pay maintenance and still meet his reasonable needs. It was the husband's burden to demonstrate an abuse of the trial court's discretion in setting the amount of maintenance. *Bull* at 229. We are unable to find that the trial court committed error, either in setting the amount or in failing to limit the duration of the award. Husband's appeal is rejected.

■ Wife appeals the trial court's failure to grant her more than 50% of the marital property. She alleges that the trial court erred in failing to consider Husband's marital misconduct, in violation of § 452.330 (RSMo.1978). We disagree, because the trial court is vested with considerable discretion to divide the marital property as it deems just; we cannot say that the trial court abused its discretion. *P.L.K. v. R.J.K.*, 682 S.W.2d 486 (Mo.App.W.D.1984).

Wife argues that she is entitled to a 70% distribution of the marital property in view of her husband's misconduct as opposed to the 50% distribution she received. Under § 452.330, the conduct of the parties during the marriage is just one of the factors that

**108**

needs to be considered by the trial court when it is dividing marital property. The statute directs the court to consider "all relevant factors," including the contribution of each spouse to the acquisition of the marital property, the value of the property set aside to each spouse, and the economic circumstances of each spouse. This statute gives the trial court great flexibility and far-reaching power in dividing marital property so as to accommodate the needs of the parties and there is no formula respecting the weight to be given the relevant factors which a court may consider. *In re Marriage of Harrison*, 657 S.W.2d 366, 370 (Mo.App.S.D.1983). Thus, the trial court has discretion as to how much weight it gives to one factor or another.

Here, there was evidence presented by the Wife and by two daughters as to Husband's misconduct. However, there was also a general denial of that evidence by the husband, and some indication that the daughters testimony might be suspect. On appeal, we give deference to the trial court's assessment of the credibility of witnesses and must sustain the trial court's order unless there is no substantial evidence to support the judgment. *In re Waldrup*, 588 S.W.2d 258, 259 (Mo.App.E.D.1979). Although marital misconduct is a factor, it is not binding on the trial court, especially when the dissolution affects a marriage of long standing. *Myers v. Myers*, 586 S.W.2d 797, 798 (Mo.App.W.D.1979). Here, the marriage lasted 38 years. We hold that there was no abuse of discretion in the division of marital property by the trial court. Wife's appeal is denied.

Affirmed.

SATZ, C.J., and CRIST, J., concur.