**Peggy Lee THOMPSON, Respondent,**

v.

**John L. THOMPSON, Appellant.**

**No. WD45594.**

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

from conducting a title search.

Marvin W. Opie, Crews, Gaw, Lutz & Opie, Tipton, for appellant.

Ronald J. Prenger, Jefferson City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

■ Peggy Lee Thompson brought an action against John L. Thompson under the Adult Abuse Statute, § 455.010 et seq., RSMo Supp.1990, for a full Order of Protection. John filed a cross petition for a like Order. The court entered a full Order of Protection to each party and in addition ordered that Peggy be allowed to live in the marital home and ordered John to make the house payment, give possession of an automobile to Peggy, and to pay Peggy $200.00 per month as maintenance.[1] John contends the Order for him to pay the house payment, deliver possession of the automobile and to pay $200.00 per month was not within the scope of the pleadings or the stipulation of the parties as to the issues to be tried. Affirmed in part and reversed in part.

Peggy petitioned the court on November 6, 1991, for an ex parte Order of Protection to keep her husband John away from her. The court entered an ex parte Order of Protection, and scheduled a hearing for November 19, 1991. On November 8, 1991, John filed a counterclaim requesting an Order of Protection to keep Peggy away from him, not contact his place of employment, and additionally for possession of the marital residence.

At the hearing the parties agreed, through counsel, to the mutual Orders of Protection. The parties stipulated that the only issue to be tried was possession of the marital residence in Eldon, Missouri. The Court approved, stating: "All right. So we

---

1. Section 455.050.3(3), (4), (6) authorizes the court to order the respondent to pay maintenance, continue to make mortgage payments and to deliver possession of specified personal property.

want to take up then only the question of residence?" To which both attorneys responded affirmatively.

The court heard testimony concerning Peggy's financial status, her unstable employment history, her probable difficulties in finding future employment, her contribution of the down payments on the house and a 1989 Ford, her inability to find appropriate housing elsewhere, and her wish for her son to continue in school in Eldon.

Testimony was also given stating that John was currently making the house and car payments, his work history and income, his acts in restricting Peggy's access to the house, the cars, and the propane gas tank, and his preference that the house and car be foreclosed on rather than allow Peggy to use them.

The trial court entered full Orders of Protection for both John and Peggy and ordered John to make the house payments, allow his wife free access to the house, possession of the 1989 Ford, and additionally to pay Peggy $200.00 per month in "maintenance." Further discussion was had as to the exchange of keys to allow Peggy free access to the residence and propane tank for hot water. At the conclusion of the hearing the following occurred:

THE COURT:

We are not hearing the dissolution at this time, but we're just trying to maintain a status quo with the parties and everyone has to live until this can be finally heard.

MR. THOMPSON:

So I presume I have to make the house payments.

THE COURT:

Yes, sir. You make the house payment.

MR. THOMPSON:

Okay.

THE COURT:

Also, we better deliver her some transportation or she'll never be able to get a job. She's going to have to have that '89 Ford.

MR. THOMPSON:

Well, okay. But I'm going to call the insurance company and cancel the insurance.

■ Because John affirmatively agreed to make the house payment and to deliver possession of the Ford, he cannot be heard to complain on appeal about those parts of the Order. "A party will not be heard to complain on appeal of an alleged error in which, by his own conduct at the trial, he joined or acquiesced." *In re Marriage of Medlock*, 749 S.W.2d 437, 440[3, 4] (Mo. App.1988). As stated in 5 C.J.S. *Appeal and Error* § 1514, p. 966 (1958):

This doctrine [of consent] also applies to judgments, decrees, or orders, as where a party is precluded from raising objections on review after he has deliberately consented at the trial to an entry of an order ... or has proceeded so as to acquiesce in a decree.

Here, John voluntarily indicated his agreement with the trial court's Order, and expressly stated his acceptance of its terms so far as the house payment and possession of the '89 Ford are concerned. Therefore, this court need not consider John's arguments concerning the house payment and delivery of the car.

However, the record shows that John did not consent to the award of $200.00 per month maintenance to Peggy. She argues that the introduction without objection of substantial testimony concerning the financial status of the parties worked an amendment to the pleadings under Rule 55.33(b) and the issue was therefore tried by consent and cannot be complained of on appeal. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 55.33(b).

■ John maintains that the evidence introduced at the hearing concerning the parties' respective financial conditions was introduced to show who could best maintain the residence while in possession. Because the parties stipulated that the sole issue to be tried was possession of the residence, Peggy must show that substantial evidence bearing solely on the issue of maintenance

was heard. Any evidence that supports Peggy's theory of an amendment to the pleadings must relate only to maintenance, and cannot also be relevant to the issue of possession of the marital residence. The implied consent rule applies only when the evidence presented bears only on a new issue and is not relevant to issues already present in the case. *Associate Engineering Co. v. Webbe,* 795 S.W.2d 606, 610[7] (Mo.App.1990). Peggy does not point to any evidence which was not relevant to the only issue being tried—possession of the house.

■ Absent some showing by Peggy that testimony concerning the financial position of each of the parties was not relevant to possession, there was no implied consent to amend the pleadings to include the issue of maintenance. Therefore, there was no amendment to the pleadings and the order for John to pay maintenance is beyond the scope of the pleadings.

The Order granting Peggy possession of the residence and of the 1989 Ford and directing John to make the house payments for 180 days is affirmed. The Order granting Peggy maintenance of $200.00 per month is reversed. Costs on this appeal are apportioned as follows: two-thirds to John and one-third to Peggy.

All concur.