Beverly A. ROMBACH, Respondent,

v.

William Walter ROMBACH, Appellant.

No. 75577.

Supreme Court of Missouri,
En Banc.

Dec. 21, 1993.

Lawrence G. Gillespie, Webster Groves, for appellant.

Susan M. Hais, James P. Carmody, Clayton, Theresa Counts Burke, St. Louis, for respondent.

PRICE, Judge.

Appellant William Walter Rombach ("Husband") appeals from the judgment that dissolved his marriage to Beverly Arri Rombach ("Wife"). We hold that Husband has standing to protest the trial court's failure to appoint a guardian ad litem. Nevertheless, nonappointment of a guardian in this case was not error under § 452.423.1, RSMo Supp.1990, because abuse or neglect was not pleaded and because the evidence admitted at trial was not sufficient to show actual abuse or neglect that would require the pleadings to be amended pursuant to Rule 55.33(b). We further hold that the trial court's distribution of marital property and the award of maintenance to Wife was not in error. The judgment is affirmed.

I

The parties were married on May 31, 1974. They have four children who are currently between the ages of eight and seventeen years. Wife filed a petition for dissolution of marriage on January 27, 1989.

On April 9, 1991, the trial court granted Wife a dissolution decree awarding her primary care, custody and control of the couple's four minor children, subject to Husband's temporary custody schedule. Husband was ordered to pay child support of $300.00 per month per child until emancipation. Husband was also ordered to maintain medical insurance for the minor children and to pay all nonreimbursed medical costs. Additionally, the trial court ordered Husband to pay Wife maintenance of $750.00 per month.

In its distribution of marital property the trial court awarded Wife the marital residence in which there was approximately $50,000.00 equity, computer equipment, a 1986 Chevrolet Caprice station wagon, and various bank accounts and insurance policies. The court awarded Husband the family business, Wally Rombach Productions, Inc., a 1989 Chevrolet Lumina, and various bank accounts and insurance policies.

On June 27, 1991, the trial court heard Wife's motion to amend the decree and Husband's motion for a new trial. The court made two amendments to the original decree. Wife was ordered to take full responsibility for the mortgage on the marital residence. Also, Wife was ordered to transfer the federal tax deduction available for the children to husband for as long as he stays current in his child support payments. The court denied Husband's motion for new trial.

Husband appeals from this result and raises three points of error. Husband's first point is that the trial court's failure to appoint a guardian ad litem *sua sponte* to represent the Rombach children was error under § 452.423.1, because Wife introduced evidence that constitutes allegations of abuse or neglect. Husband's second point of error is that the trial court used an improper valuation method in determining the value of good will for Husband's business in the distribution of marital property. Finally, Husband argues that the trial court's award of maintenance to Wife was excessive.

II

Husband's first argument on appeal is that the trial court erred in failing to appoint on its own motion a guardian ad litem to represent the interests of the Rombachs' minor children when Wife introduced evidence of child abuse and neglect. Husband relies on § 452.423.1, which states:

> In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.[1]

1. Interestingly, the statute provides for discretionary appointment of a guardian ad litem in "proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue." Mandatory appointment, however, is

Although Wife did not allege child abuse or neglect in her pleadings, Husband contends that Wife's testimony at trial was sufficient to constitute allegations that Husband abused and neglected the Rombach children. In support of his argument, Husband cites portions of Wife's testimony stating that: Husband used profanity during an argument with Wife, which took place on the telephone; in an attempt to persuade his daughter to get off of a family room table, Husband called her a "fat little pig"; Husband poured a glass of water on one of his sons when the child was throwing a temper tantrum; Husband did not take the children to the hospital as quickly as Wife considered appropriate when injuries occurred; when one son had poison ivy on his leg, Husband wrapped the leg with an Ace bandage and allowed the child to participate in his soccer game; in an attempt to get the children into his car Husband resorted to grabbing, pushing, shoving and talking harshly; Husband aimed his automobile at one of his sons and began to back up in order to convey the impression that he would run the boy over with the car if he did not get in; and finally, Wife characterized Husband's general approach to disciplining the children as "physically and verbally abusive." Neither Husband nor Wife requested appointment of a guardian ad litem at trial.

### (A)

▮ At the outset, we must consider whether Husband has standing on appeal to raise the issue of nonappointment of a guardian ad litem. Husband did not raise the issue below, and it is unclear how appointment of a guardian would have been favorable to Husband's interests. Any evidence of abuse or neglect that may exist would implicate Husband as the guilty party.

Mandatory appointment of a guardian ad litem is not intended to benefit either of the parties in a dissolution proceeding. *See Bereuter v. Bereuter,* 655 S.W.2d 789, 790 (Mo. App.1983). Instead, the legislature enacted § 452.423.1 to protect children who may have been abused or neglected. It is for this purpose only that we will allow either parent standing to raise on appeal the issue of nonappointment of a guardian ad litem. *See Van Pelt v. Van Pelt,* 824 S.W.2d 135, 139 (Mo.App.1992). If we do not give parents standing to raise this issue, the interests of our children may not receive the protection they deserve.

### (B)

It is clear that § 452.423.1 mandates appointment of a guardian ad litem when child abuse or neglect is "alleged" in dissolution proceedings. The question before us is whether the mandatory appointment provision of § 452.423.1 is triggered by the introduction of evidence at trial, absent express allegations of child abuse or neglect in the pleadings. The court of appeals has struggled with this question. *See e.g., Osmun v. Osmun,* 842 S.W.2d 932, 935 (Mo.App.1992); *Van Pelt v. Van Pelt,* 824 S.W.2d 135, 139 (Mo.App.1992); *King v. King,* 793 S.W.2d 200, 203–04 (Mo.App.1990).

### (i)

Resolution of this issue begins with the legislature's choice of the word "alleged" as opposed to the word "evidence" or other words of similar effect. "Alleged" has a commonly accepted meaning in the context of a lawsuit.[2] Generally, it is understood to mean the assertion of claims or defenses in the pleadings.[3] Evidence, on the other hand,

---

provided for in "any proceeding" where child abuse or neglect is alleged. We are not called upon in this case to determine whether the term "any proceeding" is or is not limited by the prior specified proceedings.

2. An allegation is: "The assertion, claim, declaration or statement of a party to an action, made in a pleading, setting out what he expects to prove." Black's Law Dictionary 74 (6th ed. 1990).

3. Although the words "allege" and "allegation" appear frequently in our case law, they are not the words most commonly used in our civil rules or in Chapter 509, RSMo 1986. There, the terms most often used are "aver" and "averment." While roughly analogous, "aver" and "averment" may have a slightly more narrow and technical meaning. "Aver" is defined as "In pleading, to declare or assert; to set out distinctly and formally, to allege." *Id.* at 135. "Averment" is defined as "In pleading, to allege or assert positively. All averments in pleadings are

refers to items of proof of facts that have been averred or alleged.[4]

There is practicality to the distinction between an allegation and evidence in the context of § 452.423.1. For a guardian ad litem to be of the most benefit to the child, he or she must be involved from the pleading stage of the lawsuit. Only then will the guardian have an opportunity to investigate, discover and marshal those facts necessary to protect the interests of the child at trial. Needless to say, appointment of a guardian ad litem in midtrial will usually result in an almost impossible task for the guardian or a continuance that is costly in time, money, and emotion to all involved. Moreover, if mere evidence were the test, the trial court would be left with no discretion to ferret out cases where some evidence might arguably exist going to the issues of abuse or neglect, but the evidence is too ambiguous, vague, speculative or remote to justify such an action.

■ Accordingly, we hold that the mandatory appointment of a guardian ad litem pursuant to § 452.423.1 is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial.

(ii)

Our analysis, however, cannot end here. Rule 55.33(b) provides for the amendment of pleadings to conform to evidence at trial. The rule states:

> (b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the preservation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The language of the rule gives direction to the trial court both in situations where no objection is made to evidence of unpleaded facts or claims and in situations where objection is made. First, if the evidence is not objected to and it raises an issue that is tried by the implied or express consent of the parties, the issue shall be treated as if it were alleged and a motion to formally amend may be made even after judgment. The only discretion allowed the trial court is in determining whether the issue was tried by "implied consent" of the parties. If so, the pleadings "shall" be treated as if the issues had been properly raised.[5]

---

required to be simple, concise, and direct." *Id.* at 136. The fourth edition of Black's Law Dictionary defines "averment" as: "In pleading. A positive statement of facts, in opposition to argument or inference." Hence, the terms "aver" and "averment" may refer most specifically to factual matters to be proved, whereas allegations may more broadly refer to facts, argument, inference, and the claim or defense asserted in general. Unfortunately, no Missouri case has been found examining the distinction between the terms "aver" or "averment" and "allege" or "allegation", if one exists, and we need not venture further into the subject here.

4. "Evidence" is distinguishable from "allege" or "allegation." "Evidence" is defined as:

> Any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention.... Testimony, writings, or material objects offered in proof of an alleged fact or proposition.

Black's Law Dictionary 555 (6th ed. 1990).

5. Some courts in this state have stated that before evidence that is admitted without objection will give rise to amendment of the pleadings by implied consent, the evidence must bear only on a new issue and not be relevant to an issue already in the case. *Wulfing v. Kansas City Southern Industries, Inc.*, 842 S.W.2d 133, 148

Second, if the evidence is objected to, the court may allow the pleadings to be amended and "shall do so freely when the presentation of the merits of the action will be served thereby" and the objecting party fails to establish prejudice. Substantial discretion is allowed the trial court in this circumstance. *Downey v. Mitchell,* 835 S.W.2d 554, 556 (Mo.App.1992).

Here, Husband neither objected to the introduction of the evidence nor made a motion to the trial court to conform the pleadings to the evidence. If review of these matters were for Husband's benefit, we would stop here because the issue had not been preserved. However, in matters involving possible abuse or neglect, our focus must be the interest of the children. Therefore, we will continue our review to determine whether the failure to appoint a guardian was plain error pursuant to Rule 84.13(c).

■ In matters involving the possible abuse or neglect of children, the attention of the trial court must be intensely directed to their protection. If sufficient evidence exists that, if believed, shows actual abuse or neglect occurred, the court, either upon motion of a party or *sua sponte,* should order the pleadings amended to conform to the evidence and appoint a guardian ad litem. Although such a ruling should not be made lightly, the trial court must always keep first in mind the interests of the children, because they are least able to protect themselves. Should such a ruling threaten either parent with prejudice, a continuance is the proper remedy.

### (C)

In the case at hand, then, we must determine whether evidence of actual abuse or neglect existed. Although child abuse and neglect are not defined in § 452.423, we can look to the definitions given in § 210.110. Child "abuse" is defined as "any physical injury, sexual abuse, or emotional abuse in-

flicted on a child other than by accidental means by those responsible for his care, custody, and control except that discipline including spanking, administered in a reasonable manner shall not be construed to be abuse." *Section 210.110(1), RSMo 1986.* The definition given for "neglect" is "failure to provide by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for his well-being." *Section 210.110(5), RSMo 1986.*

■ Upon careful examination, we conclude that the evidence was not sufficient to raise the issues of child abuse or neglect. Admittedly, Husband's conduct in the instances set forth leaves much to be desired. But the evidence as a whole simply does not establish abuse or neglect such that a guardian ad litem must have been appointed. This is so especially when it does not appear that either of the parties considered these items of evidence to be instances of child abuse or neglect at trial. Rather, Wife apparently presented this evidence at trial as a part of her effort to prevail on custody issues, and Husband apparently is presenting these issues here to obtain a better result for himself on appeal. Section 452.423, even when combined with Rule 55.33, does not require the appointment of a guardian ad litem merely to advance the litigation tactics of a husband or a wife.

Accordingly, we find that because neither party expressly alleged child abuse or neglect and because the evidence at trial did not rise to the level that would require the trial court *sua sponte* to cause the pleadings to be so amended, the trial court's failure to appoint a guardian in this case was not error.

### III

Husband's second point on appeal is that the trial court erred in allegedly awarding

(Mo.App.W.D.1992); *Thompson v. Thompson,* 835 S.W.2d 570, 573 (Mo.App.W.D.1992); *Racine v. Glendale Shooting Club, Inc.,* 755 S.W.2d 369, 373 (Mo.App.1988). Other decisions imply a broader view. See *Patton v. May Dept. Stores Co.,* 762 S.W.2d 38 (Mo. banc 1988); *Pike v. Pike,* 609 S.W.2d 397 (Mo.1980); *Blevins v. Cushman*

*Motors,* 551 S.W.2d 602 (Mo.1977); *Middleman v. Complete Auto Transit, Inc.,* 486 S.W.2d 456 (Mo.1972); *Danforth v. Orton,* 465 S.W.2d 618 (Mo.1971); *Schroeder v. Prince Charles, Inc.,* 427 S.W.2d 414 (Mo.1968). We do not directly address this issue here.

approximately seventy-eight percent of the net marital property to Wife. Husband argues that the trial court's valuation of the family business did not conform to the requirements of this Court's opinion in *Hanson v. Hanson*, 738 S.W.2d 429 (Mo. banc 1987).

■ Neither Husband nor Wife asked the trial court to make findings of fact or conclusions of law, and none were made. Therefore, we resolve all fact questions in accordance with the result reached. *Rule 73.01(a)(2)*. When reviewing marital property valuation and distribution, deference is given to the trial court's determination because that court is in the best position to assess credibility and apply proper values to property. *Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991).

The major marital assets distributed to Wife were the marital residence in which there was approximately $50,000 equity, computer equipment purchased by husband for wife pursuant to a consent order pendente lite, and a 1986 Chevrolet Caprice station wagon. Husband received the audio/video business which he had run out of his basement for seven years, Wally Rombach Productions, Inc., and a 1989 Chevrolet Lumina. Wife's expert testified that the business had a value of between $193,000 and $228,000. Husband presented the testimony of an expert witness who placed the business' value between $8,879 and $25,179.

■ The trial court must divide marital property as it deems just after considering all relevant factors. *Section 452.330.1, RSMo Supp.1990*. The division does not have to be equal. *Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991). Section 452.330(1) specifically notes the desirability of awarding the family home or the right to live therein to the spouse with custody of the children. *Bixler v. Bixler*, 810 S.W.2d 95, 101 (Mo.App.1991).

Although husband argues that the trial court's evaluation of his business did not conform to the dictates of *Hanson v. Hanson*, 738 S.W.2d 429, 436 (Mo. banc 1987), review of the transcript reveals that many factors were considered by the parties' respective experts. Without express findings

of fact and conclusions of law, we do not know how the court weighed these factors concerning the valuation of the business or the value of the business in relation to the distribution of other property. Husband has not demonstrated and we will not assume that the trial court erred in this regard when a wealth of factors and evidence existed that would support the trial court's decision.

### IV

Husband's final point on appeal is that the trial court abused its discretion in awarding Wife $750.00 per month in periodic decretal maintenance. Husband argues that his monthly gross income is between $3,000.00 and $3,500.00. He contends that after payment of $1,200.00 per month for child support, $400.00 per month for the children's medical coverage, and any nonreimbursed medical expenses that the children might incur, he cannot afford to pay $750.00 per month in maintenance to Wife and still meet his own needs. Husband requests that we decrease the maintenance award to $250.00 per month.

■ The trial court has considerable discretion in determining the appropriate amount to award for maintenance. *Cooper v. Cooper*, 778 S.W.2d 694, 697 (Mo.App.1989). In order to justify a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who is required to pay. *Id.* at 698; *Hart v. Hart*, 741 S.W.2d 105, 106–07 (Mo.App.1987). Husband has the difficult burden of demonstrating that the award is so excessive as to constitute an abuse of the trial court's discretion.

■ Husband has failed to meet this burden. He contends that his gross income is between $35,000.00 and $40,000.00. There is ample evidence in the trial record indicating that Husband's income was significantly greater than he now claims. After analyzing Husband's tax returns, Wife's expert, Dr. William Gillespie, testified that Husband's gross income is approximately $62,000.00 annually. From this evidence the trial court may have determined that Husband earns a sufficient amount to meet all court-ordered

obligations and to meet his own needs. Again, without specific findings of fact and conclusions of law, we will not assume that the trial court erred.

The judgment of the trial court is affirmed.

All concur.