Crystal HATTON, Respondent,

v.

Vance T. HAZELWOOD, Appellant.

No. ED 80668.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 8, 2002.

Matthew E. Hill, Cape Girardeau, MO, for Appellant.

John A. Clark, Joplin, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Vance T. Hazelwood (hereinafter, "Father") appeals the denial of his motion to modify custody and support. Father claims that the trial court erred in failing to *sua sponte* appoint a guardian ad litem (hereinafter, "GAL") for the minor child. We dismiss.

■ In a modification proceeding, the trial court determines whether a substantial change has occurred in the circumstances of the child or of the child's custodian based on facts that have arisen since the prior decree. *K.O.H. ex rel. Bax v. Huhn*, 69 S.W.3d 142, 145 (Mo.App. E.D.

2002). The court must then consider whether, in light of changed circumstances, a modification is necessary to serve the best interest of the child under Section 452.410 RSMo (2000);[1] *Pokrzywinski v. Pokrzywinski*, 8 S.W.3d 222, 224 (Mo.App. E.D.1999). Since modification involves child custody, the trial court is accorded greater deference than in other cases. *Pokrzywinski*, 8 S.W.3d at 224.

■ Father claims in his only point on appeal that the trial court misapplied the law in that it failed to appoint a GAL as required by Section 452.423.1. Father states that there were allegations of abuse and/or neglect in his motion to modify which would make the appointment of a GAL mandatory.

The mandatory appointment of a GAL "is triggered only where express allegations of abuse or neglect are made *in the pleadings....*" *Rombach v. Rombach*, 867 S.W.2d 500, 503 (Mo. banc 1993)(emphasis added). However, upon review of the pleadings, there is no indication of an allegation of abuse or neglect which would rise to the level requiring the court to *sua sponte* appoint a GAL. *See also, Renfro v. Fehrmann*, 817 S.W.2d 592 (Mo.App. W.D. 1991); *Rombach*, 867 S.W.2d at 502.

Yet, if there is sufficient evidence of abuse or neglect presented at the hearing, a trial court would be required to order *sua sponte* the pleadings amended to allege the same and appoint a GAL. *Manns v. Chapman*, 990 S.W.2d 102, 106 (Mo.App. W.D.1999). In the instant case, there was a hearing on the petition; however, this Court has not been provided a copy of the transcript.

It is the responsibility of the appellant to prepare the legal file, including the transcript. Rule 81.12(c). Since there

[1] All statutory references are to RSMo (2000) unless otherwise indicated.

was no transcript filed in this case, this Court has no means for determining whether the trial court should have required the pleadings to be amended and appoint a GAL. Father had the burden to compile the transcript but failed to do so. Rules 81.12(c) and 81.12(d). Consequently, this Court has no means to review Father's claim on appeal, and we dismiss his appeal. *In re J.D.*, 34 S.W.3d 432, 435 (Mo.App. W.D.2000).

ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J., concur.