In re the MARRIAGE OF Tila Lizann EDWARDS, Petitioner–Appellant,

v.

Chad Dean EDWARDS, Respondent–Respondent.

No. 28597.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 2008.

Robert N. Mayer, Bradley D. Jarrell, Dexter, for Appellant.

Daniel F. Norton, Sikeston, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Tila Lizann Edwards ("Mother") appeals the Amended Order and Judgment Modifying Dissolution of Marriage ("Amended Judgment"), which modified the original decree from an award of sole physical custody of the two minor children to Mother to an award of joint physical custody and also altered the visitation schedule. Mother brings two points in this appeal. In her first point, Mother alleges that the trial court erred in failing to appoint a guardian ad litem ("GAL") because abuse or neglect was alleged in the pleadings or, in the alternative, erred in failing to *sua sponte* appoint a GAL when evidence was introduced at trial that showed actual abuse and neglect had occurred. We find neither contention to be supported by the pleadings or evidence and deny Mother's first point.

Mother's second point avers that the trial court erred in modifying the previous judgment because it was against the weight of the evidence. Mother specifically challenges just one of the findings, that Mother had "relocated" to Texas, even though the trial court found four separate grounds to modify the previous order. In our review of the record, we find that the findings were not against the weight of the evidence and deny Mother's second point. The judgment is affirmed.

### Background

Mother and Chad Dean Edwards ("Father") were divorced in 2001. The original Judgment of Dissolution of Marriage and Parenting Plan, entered by the court on November 7, 2001, awarded the parties joint legal custody of the parties' two minor children; Mother was awarded physical custody while Father was awarded specified periods of visitation and was ordered to pay $300.00 per month in child

support. The parties were ordered to notify and consult with each other on all changes and decisions affecting the minor children, however, in the event the parties could not agree, Mother could make the final decision to resolve any disputes.

At the time of divorce, Mother lived with the two minor children in Dexter, Missouri. Mother remarried on September 3, 2005, to Bryan Hubrecht, a soldier in the United States Army, who was stationed in Fort Hood, Texas. Mother intended to move to Texas when she discovered that her new husband would not be deployed to Afghanistan as early as they had originally expected and, therefore, mailed notice of her intention to relocate by certified mail. Father timely filed his motion to prevent relocation and, subsequently, filed a motion to modify seeking physical custody of the children.[1]

Father's motion to modify alleged that Mother had, in fact, relocated to Texas and moved the minor children out of the state of Missouri, their primary residence according to the original Judgment of Dissolution and Parenting Plan, without providing Father "with all of the information about said relocation as required by law." He further alleged Mother's actions in taking the children to Texas interfered with his ability to maintain a close, loving and meaningful relationship with the minor children, caused them to miss a significant portion of their education, and removed the children from their family and friends in the area. He also alleged that Mother "filed numerous unfounded and unsubstantiated complaints of alleged abuse ...

which serves to alienate the parties' minor children's affections for [Father]" and that Mother had interfered with his visitation rights from the previous parenting plan.

Prior to the filing of the motion to modify but subsequent to the motion to prevent relocation of the children, in late October of 2005, Mother, who holds a teaching degree, removed the two minor children from the Dexter Public School system and homeschooled them in Texas. Mother and the children returned to Dexter, Missouri, in December of 2005, following Hubrecht's deployment. Upon return to Dexter, the children were re-enrolled in the Dexter Public School system.

Hubrecht returned from his tour of service in December of 2006, at which time Mother again took the children back to Texas. During that time, Mother again homeschooled the children. She returned two months later for the trial on February 27, 2007. The trial court found the two trips taken by Mother and the children to Texas were in fact relocations under section 452.377.[2] Mother takes exception to this finding in her second point. We will commence with a discussion of Mother's second point.

### Point II

Mother's second point of appeal challenges the trial court's decision to modify the previous judgment in that the court's findings were against the weight of the evidence and were inconsistent with sections 452.377, 452.410, and 452.411. Mother specifically claims that Mother was

---

1. This motion to modify was the second attempt at modification of the original Judgment of Dissolution of the Marriage. The first motion to modify was filed by Mother in April of 2004. At that time, Father filed a Motion for Civil Contempt and a GAL was appointed for the minor children, as that case did involve allegations of abuse. The court overruled the motions on March 25, 2005.

The records of these events are not included in the legal file; Mother simply states them as fact with no references to any record. We only provide this information as background to assist in the discussion of Mother's first point.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

not outside the state of Missouri for more than ninety days and, therefore, by law she did not relocate with the children. Mother states that section 452.377.1 states, "[f]or purposes of this section and section 452.375, 'relocate' or 'relocation' means a change in the principal residence of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence."

Mother claims that the court mistakenly relied upon section 452.411, which provides that relocation of the parent to another state shall be deemed a change of circumstances under section 452.410, to find a relocation. The actual wording of section 452.411 is "[i]f either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under section 452.410, allowing the court to modify a prior visitation or custody decree." Thus, section 452.411 uses the words "changes his residence" and not "relocate" as used in section 452.377.1. Regardless, we will save that argument for another day and shall treat "relocation" as defined in section 452.377.1 as though it was synonymous with "changes his residence" under section 452.411.

On the issue of whether Mother had "changed her residence" or "relocated the children" to Texas, the trial court received ample evidence of Mother's intent to change her residence and to relocate the children to Texas. Specifically, the trial court received evidence that Mother sent a notice of relocation to Father. The notice of relocation described where they would live depending on how certain circumstances worked themselves out. Section 452.377.2 provides, in pertinent part:

2. Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, *written notice shall be provided at least sixty days in advance of the proposed relocation.*

Section 452.377.2 (emphasis added). Mother moved the children prior to the sixty days provided for in section 452.377. Further indicating that a relocation was Mother's intention was the fact that the children were removed from school in Missouri and a homeschool program was implemented during both stays in Texas.

Although Mother contends that she never left the state of Missouri for more than ninety days, Mother and the two children spent approximately five months in Texas split over two separate "visits." Although Mother is correct in her assertion that neither of her visits lasted longer than ninety days, she is incorrect that she must have spent ninety contiguous days out of the state of Missouri. It would be an absurd result if Mother can spend one day in Missouri every eighty-nine days and defeat the purpose of section 452.411. It is reasonable that a trial court can find relocation has occurred where, as here, there is ample evidence to support the intent of Mother to move her children from their primary residence to an alternate address. Furthermore, section 452.377.5 mandates that the failure to provide proper notice of a proposed relocation shall be used as a factor determining whether custody and visitation should be modified and the trial court clearly found that the notice was improper because Mother relocated within sixty days of giving the notice of her intent to relocate.

As we earlier noted, the trial court found four changes in circumstances that have created substantial reasons for modifying the previous custody agreement and parenting provisions. One change in cir-

cumstance that the trial court found was that Mother had relocated herself and her children to Fort Hood, Texas, in violation of the notice provisions of section 452.377, and further, that said relocations were not made in good faith and were not in the best interest of the minor children; however, additionally, the trial court found that there were three other changes of circumstances that served as a basis for modifying the prior custody and parenting provisions of the original judgment. The court found significant: (1) Mother's failure to consult with Father regarding the minor children's health; (2) Mother's interference with Father's periods of visitation and temporary custody; and (3) Mother's unwillingness to allow Father reasonable telephone access with the minor children. Mother's allegation in her second point on appeal addresses only one of the four findings by the court that changes in circumstances had occurred.

After reviewing the record on appeal, this Court finds that there was ample evidence to support the findings of the trial court. There was testimony by Mother and Father that Mother had failed to communicate with Father regarding the medical health and welfare of the children. Specifically, Mother testified that she did not tell Father the children had regularly been seeing a psychiatrist, Dr. Browne–Barnum. Additionally, Father testified that Mother did not inform him that one of the minor children had been prescribed medication by that doctor. Father testified that he was informed of emergency medical issues but was not informed about other medical services until he received an insurance statement or called and asked Mother about it. Father also testified that he was not notified when the children were removed from the public school system; he did not find out until he attended a parent-teacher conference. Further, he objected to Mother's decision to homeschool their two minor children.

There was also evidence that Mother interfered with Father's visitation periods. Although Mother and Father testified that while the children were in Texas, they did continue their regular visitation schedule, there was evidence that while living in Missouri, Mother often did not let Father see the children during his court ordered custody if one of the children was sick because Mother would not separate the children and rarely allowed him to make up time. Finally, Father testified that he had a very difficult time contacting the children by phone during the five months the children were in Texas. Mother never gave Father a local telephone number, but instead had her Dexter number forwarded to Hubrecht's cellular phone. Mother admits she never gave Father a number to reach her directly while she was in Texas.

As indicated in the discussion above, the trial court was presented ample evidence on four different points to find a change of circumstances had occurred and, therefore, properly made a modification to the custody and visitation schedule. Point II is denied.

### Point I

We next address Mother's first point that a GAL should have been appointed. Mother claims the court should have *sua sponte* appointed a GAL because sections 452.423 and 452.490(1) make the appointment of a GAL mandatory in any proceeding where abuse or neglect of a child is alleged. The relevant portion of section 452.423 states:

1. In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem....

2. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

Section 452.423; *see also* section 452.490.

The Supreme Court of Missouri, interpreting this statute, has clearly stated that the trigger for mandatory appointment of a GAL under section 452.423.1 is "an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial." *Rombach v. Rombach*, 867 S.W.2d 500, 503 (Mo. banc 1993). Mother asserts that paragraph 8, subparagraph (e), of Father's Motion to Modify Judgment of Dissolution of Marriage, sufficiently alleges abuse and/or neglect to trigger the mandatory appointment of a GAL. Father's motion states the following:

[Mother] has filed numerous unfounded and unsubstantiated complaints of alleged abuse and/or neglect with the Missouri Children's Division against [Father], which serves to alienate the parties' minor children's affections for [Father].

Father argues that this paragraph is not an express allegation of abuse or neglect; instead, it is a statement that is alleging that Mother has used the Missouri Children's Division to harass Father in the past and that there was not, in fact, ever any abuse. We agree. This paragraph expressly states that Father believes that there have never been any substantiated claims of abuse and/or neglect. It should also be noted that Mother did not assert any allegations of abuse in her response filed on January 17, 2007, nor at any time during the trial. The mere use of the word "abuse" in a pleading is insufficient to trigger the protections of section 452.423.1, therefore, there was no error is failing to appoint a GAL based on the pleadings.

Mother alternatively argues that the trial court should have appointed a GAL *sua sponte* because sufficient evidence was introduced at trial that showed actual abuse and neglect had occurred. In her brief, Mother does not direct in her argument to any particular allegation of abuse. Instead, her sole stated argument to this Court was "specifically during the children's psychologist, Dr. Brown[e-]Barnum's testimony the Respondent's attorney objected that the evidence was outside of the scope of the pleadings." We are not directed to any testimony of the psychologist or anyone else that indicates an allegation of abuse, however, our supreme court has clearly decided this issue, stating:

In matters involving the possible abuse or neglect of children, the attention of the trial court must be intensely directed to their protection. If sufficient evidence exists that, if believed, shows actual abuse or neglect occurred, the court, either upon motion of a party or *sua sponte*, should order the pleadings amended to conform to the evidence and appoint a guardian ad litem. Although such a ruling should not be made lightly, the trial court must always keep first in mind the interests of the children, because they are least able to protect themselves. Should such a ruling threaten either parent with prejudice, a continuance is the proper remedy.

*Rombach*, 867 S.W.2d at 504.

Although Mother only generally states that some evidence was presented at trial and has completely failed to notify Father or this Court of any specific evidence or testimony we should consider, we have reviewed the record in its entirety and found that, even generally, no evidence of abuse or neglect was presented at trial. Mother generally points to the testimony of Dr. Browne–Barnum, who has been seeing the minor children since their parent's 2001 divorce. While Dr. Browne–Barnum did testify to two incidents that she was

initially concerned with, the doctor never stated that she viewed these events as abuse or neglect or made any comments that would have alerted the trial judge to the necessity of appointing a GAL to protect the children's interest.[3] Therefore, we find no error by the trial court in failing to *sua sponte* appoint a GAL for the two minor children. Point I is denied.

The judgment of the trial court is affirmed.

BARNEY, P.J., and BURRELL, J., concur.

---

**3.** It is interesting that Mother made no claim at trial that either incident was abuse or neglect. One incident involved appropriately teaching one child gun safety and the other was a tickling incident when a child was ten years old. There was no further testimony of anything approaching abuse or neglect.