**In re the MARRIAGE OF Teresa M. DEMORROW and Vincent L. Demorrow.**

**Teresa M. Demorrow (Moore), Petitioner–Respondent,**

v.

**Vincent L. Demorrow, Respondent–Appellant.**

No. 26366.

Missouri Court of Appeals, Southern District, Division One.

Aug. 24, 2005.

Daniel E. Leslie, Union, for appellant.

Steven Privette, Kelly Michael Bosserman, Willow Springs, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Vincent L. Demorrow ("Father") appeals a custody modification award granted in favor of Teresa M. Demorrow (Moore) ("Mother"). The Circuit Court of Howell County dissolved Father and Mother's marriage in April 2003. The court entered a judgment, pursuant to the agreement of the parties, which awarded the parties joint legal and physical custody of the child and designated the Father's address as the principal residence for the child. Three months after the court dissolved the marriage, Mother moved to modify the custodial arrangement. Mother argued that a continuing and substantial change in circumstances and the discovery of circumstances unknown at the time the court entered the dissolution decree warranted the modification.

These circumstances included an increase in the child's weight due to poor nutrition, a decrease in the child's academic performance, a change in the child's temperament in which the child became continuously argumentative and rude, the filthiness of Father's home and his failure to provide guidance with personal hygiene, Father's propensity to view pornographic material and his failure to prevent the child from viewing pornography, Father's willingness to leave the child at home alone for extended periods of time, and Mother's ability to provide the child with a stable and moral home.

Father denied all of Mother's allegations. He also filed a counter-petition to modify in which he alleged that a modifica-

tion of child support was warranted due to the increase of the cost of supporting the child since the court dissolved the marriage. Significantly, Father made no allegations concerning the conduct of Mother in his pleadings. At the time of the initial setting, Father orally requested that the court appoint a guardian ad litem (GAL). The court noted, "after reviewing the pleadings and the statute, Section 452.423, the court concludes that a GAL must be appointed."

At the evidentiary hearing, after three of Mother's witnesses testified, the GAL asked to be excused from the hearing; he stated that he believed he had fulfilled his duties as the GAL and that he had not found any evidence of abuse or neglect. Both parties consented to the dismissal, and the court excused the GAL from the hearing. The GAL was not present for two of the Mother's witnesses nor the testimony of Father.

The trial court subsequently entered a judgment granting Mother's request to modify the custodial plan. The court made complete findings concerning the fact that no evidence was adduced at the original trial regarding any concerns Mother had with Father having custody of the child. The court based the change in custody on the evidence which indicated Mother learned, after the divorce, that Father had sexually explicit pictures of men, women and younger girls in his personal file and that Father's step-daughter had discovered those photographs on the computer. The court expressed concern that Father left the child alone overnight more than once and on the days when Father worked, the child, who was ten years of age, had to get herself out of bed in the morning and fix her own breakfast. The court noted behaviors such as Father calling Mother several times after the divorce to request that she take the child from his home because he was fed up and had had enough, which directly reflected on Father's maturity and judgment as a parent. It is from this judgment that Father appeals.

■ Appellant argues in Point I that the trial court erred by excusing the GAL during the hearing. We note that Father requested the GAL, then agreed to the dismissal of the GAL, and failed to raise any error in the dismissal prior to the end of the trial or in any post-trial motion. As such, he has failed to preserve this issue for appellate review. *Keling v. Keling*, 155 S.W.3d 830, 833 (Mo.App. E.D.2005). Pursuant to Rule 84.13(c),[1] however, we could review issues not preserved in the trial court to determine if plain error was committed affecting substantial rights which resulted in a manifest injustice or a miscarriage of justice. *In re Marriage of Campbell*, 868 S.W.2d 148, 151 (Mo.App. S.D.1993). We find no manifest injustice or a miscarriage of justice and thus decline plain error review.

■ We find no manifest injustice because all of the allegations of abuse or neglect were against Father. The purpose of the mandatory appointment of a GAL is to protect children who may have been abused or neglected and not to benefit either of the parties in a dissolution proceeding. *Rombach v. Rombach*, 867 S.W.2d 500, 502 (Mo. banc 1993). The trial court changed the custody of the minor child from Father to Mother and placed protections for the benefit of the child in the parenting plan regarding the exposure of any sexually explicit/pornographic pictures or materials to be in the home when the child was present and leaving the child alone for extended periods during the day or overnight. We cannot envision how a manifest injustice was done

**1.** All rule references are to Missouri Court Rules (2005), unless otherwise specified.

when the GAL was dismissed after reporting his opinion that there was nothing that rose to the level of abuse or neglect in the allegations against Father when the child has been properly protected by the court's decision.

In so finding, we are aware of the contrary conclusion in *Keling,* when Mother raised allegations of abuse against Father. 155 S.W.3d at 832. A GAL was appointed by the court to represent the interests of the child; however, less than three weeks later she sought to be released, stating that she could not substantiate the allegations of neglect or abuse after interviewing Husband, Wife, and child. *Id.* The trial court subsequently granted custody to the alleged abuser "due to the 'history of domestic violence' between Husband and Wife and their failure to communicate concerning the children." *Id.* The Eastern District of this Court, after noting that Wife failed to preserve the point for appeal because it was not presented to or expressly passed on by the trial court, nevertheless elected to review the point on appeal for plain error; it subsequently found manifest injustice because the GAL did not have the opportunity to examine or cross examine witnesses supporting a claim of abuse or neglect. *Id.* at 833. Specifically, the Court noted the GAL had not interviewed the child's therapist, who stated that she saw signs of trauma in both children as a result of Husband's behavior. *Id.* at 834. As noted in this case, there were no allegations of abuse or neglect against Mother. We fail to see how a further investigation by the GAL would have assisted Father or the child.[2] We decline plain error review and deny Point I.

Father's second point avers trial court error in changing custody because there were no facts presented that had arisen since the prior judgment or dissolution that were unknown to the court at the time of the dissolution justifying a change in residence for the minor child. In his argument, Father claims that he had child pornography in his possession at the time of the divorce so the court could not consider any "moral misconduct" of that nature. Additionally, Father claims that Mother presented no evidence that the child's mental, physical, economic, or social wellbeing was affected by Father's conduct regarding pornography.

We note and defer to the specific factual findings the court made regarding its lack of knowledge of the concerns Mother had prior to the grant of the dissolution. Mother testified that Father assured her that though he had been involved with child pornography prior to the divorce, he would no longer do so after the dissolution. Mother discovered that Father's assurances were false. Without going into graphic detail, we find there was substantial evidence to support all of Mother's allegations, in addition to Father's possession of child pornography, to warrant a change in custody based on the change of circumstances in the home of the child. Point II is denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

2. Father does not even argue any manifest injustice to the child or to himself with the dismissal of the GAL, he simply argues that the GAL could not be dismissed. We do not take issue with any cases cited by Father to support a proposition that a GAL must be appointed when there are allegations of abuse and neglect; however, the issue before us is whether Father is entitled to plain error review of his claim that the GAL should not have been dismissed after the appointment by the court.