Linda K. DOWNARD, n/k/a Linda K. Miller, Respondent,

v.

Jonathan L. DOWNARD, Appellant.

No. ED 91557.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 26, 2009.

Rehearing Denied June 25, 2009.

---

W. Morris Taylor, Scott A. Bailey, Clayton, MO, for respondents.

Frank K. Carlson, Sarah K. Tupper, Nichole E. Frankenberg, Union, MO, for appellant.

KENNETH M. ROMINES, Judge.

### Introduction

Jonathan L. Downard (Father) appeals the judgment of the Circuit Court of Franklin County, the Honorable Patricia S. Joyce presiding, which modified an earlier custody judgment between him and Respondent Linda K. Miller (Mother). Father argues that the trial court erred by failing to appoint a guardian ad litem, finding changed circumstances sufficient to support an increase in the amount of child support, awarding attorneys' fees, and refusing to grant abatement of child support. Because we agree Father was entitled to abatement, we modify that portion of the judgment. Because we find no additional errors, we affirm the judgment as modified.

### Factual and Procedural Background

Mother and Father divorced in July 2000. They had two children during the marriage, and they shared joint physical and legal custody of the children per the dissolution decree. The children were to see Father every other weekend and one day during each week, with a specified holiday schedule. The decree also ordered Father to pay $1,000 per month to Mother for the support of the two children. On 27 August 2003, the trial court entered a modification judgment reducing Father's child support obligation to $850 per month. This judgment further required that Mother maintain health insurance for both children through her employer; and other costs for the children including automobile insurance, college education, and health care costs not covered by insurance, were to be split equally between Mother and Father.

On 13 August 2004, Mother filed a motion to modify the judgment. During a two-day trial, the court heard evidence showing that Father, an attorney, had misrepresented his income to the court previously and actually made almost $2,000 more per month than he had stated; and that Mother has taken care of the primary expenses for the children including food, housing, clothing, extracurricular activities, school activities, transportation, books and supplies, college, telephone, and insurance. At the time of trial, the oldest child was in college. The court found that the remaining minor child wanted to spend less time with her father, and that time spent with Father was interfering with the child's abilities to complete her schoolwork and negatively impacting her grades. The court also found that Mother had spent in excess of $76,000 on attorneys' fees for this litigation.

The court found a significant change in circumstances such that modification was warranted. The court changed the minor child's visitation schedule, removing the mid-week visit. The court also calculated the presumed child support amount, arriv-

ing at $1,212 per month for the one minor child. The court found that amount to be unjust, inappropriate, and unreasonable under the circumstances. Based on its consideration of the relevant factors, the trial court set the child support amount at $2,550 per month for both children. The court also made the award retroactive to 1 April 2005. The court also ordered Father to pay 90% of the children's costs of automobile insurance, college costs, and any medical costs not covered by insurance. The court also ordered Father to pay 100% of the children's health insurance premiums. Father's retroactive obligation for those expenses is 90% of all automobile insurance, books and supplies, college, health insurance premiums, and uncovered health expenses from 1 April 2005 to the date of the judgment. Finally, the court ordered Father to pay $30,000 towards Mother's attorneys' fees.

Father appeals, arguing (1) the trial court erred by failing to appoint a guardian ad litem under § 452.423 RSMo. (2000)[1]; (2) the trial court's support order was not supported by substantial evidence and erroneously applied the law; (3) the trial court's award of attorneys' fees was not supported by substantial evidence; and (4) the trial court erred in failing to grant Father's request for abatement of his child support as to the older child who is now in college.

### Discussion

#### Appointment of Guardian Ad Litem

Father's first point is that the trial court erred in failing to appoint a guardian ad litem under § 452.423.2, which requires the court to appoint a guardian ad litem anytime abuse is alleged. It is true that in Mother's original petition for modification, she alleged that Father had physically and emotionally abused the children, who were both minors at the time of filing. Mother argues, however, that because she amended her petition to remove such allegations on 22 January 2008, before the trial began, the trial court was not required to appoint a guardian.

Under § 452.423.2, when allegations of abuse are present, the trial court is required to appoint a guardian ad litem even if neither party requests appointment. *Osmun v. Osmun,* 842 S.W.2d 932, 935 (Mo.App. E.D.1992). In some cases, even if abuse is not alleged in the pleadings, a trial court may be required to appoint a guardian if the evidence presented is such that the pleadings would be effectively amended under Rule 55.33(b) to amount to an allegation of abuse. *Rombach,* 867 S.W.2d at 504.

Father raises this issue for the first time on appeal. Issues not preserved are not entitled to review on appeal; however, we may review plain errors affecting substantial rights resulting in manifest injustice or a miscarriage of justice. Rule 84.13(a), (c); *Rombach v. Rombach,* 867 S.W.2d 500, 504 (Mo.1993); *Keling v. Keling,* 155 S.W.3d 830, 833 (Mo.App. E.D. 2005); *In re Marriage of Demorrow,* 169 S.W.3d 591, 593 (Mo.App. S.D.2005). Here we find no manifest injustice or miscarriage of justice justifying review.

As in *Rombach* and *Demorrow,* all allegations of abuse were against the party asserting error: here, Father. Thus, it is unclear how the appointment of a guardian ad litem would be favorable to him. *See Rombach,* 867 S.W.2d at 502; *Demorrow,* 169 S.W.3d at 593. The purpose of mandatory appointment of a guardian ad litem is to protect the minor children. *Id.* Here, Mother amended the pleadings to contain

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

no explicit allegation of abuse. The only evidence that was presented was one child observing that she had seen Father slap her sister on the face, and the children testifying that they do not like to be at Father's house and feel scared of him. Significantly, the parties did not refer to such instances as abuse nor seem to consider them abuse at trial. *See Rombach,* 867 S.W.2d at 504. In fact, as in *Rombach,* "Wife apparently presented this evidence at trial as a part of her effort to prevail on custody issues, and Husband apparently is presenting these issues here to obtain a better result for himself on appeal." *Id.* Husband does not allege any actual harm to the children or to their best interests—he simply states a procedural failure. *See Van Pelt v. Van Pelt,* 824 S.W.2d 135, 139 (Mo.App. W.D.1992) ("a parent may not protest the non-appointment of a guardian under § 452.423.1 on the basis that the parent's interests were harmed, when no harm to the child is shown"). Father has not shown how the trial court's ruling was inconsistent with the best interests of the children, which is our paramount concern. *Id.* Given all these facts, we can find no manifest injustice or miscarriage of justice. Point denied.

### Child Support

On review of a custody modification case, we will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Speer v. Colon,* 155 S.W.3d 60, 61 (Mo.2005). "We give greater deference to the trial court in custody matters than other matters. Because the trial court is in the best position to weigh all of the evidence, we will affirm the trial court's custody determination under any reasonable theory." *Bohac v. Akbani,* 29 S.W.3d 407, 411 (Mo.App. E.D.2000) (citations omitted).

Father argues that the trial court's order of child support to mother and payment of expenses owed by Father is excessive, against the weight of the evidence, unsupported by substantial evidence, and erroneously applies the law. He argues that the trial court failed to consider all of the relevant factors required by § 452.340 and that the evidence did not support deviation from the presumed support amount. We disagree.

■ There is a two-step procedure trial courts must follow when calculating child support. First, the court determines the presumed child support amount by filling out Missouri's Form 14. Then, the court must consider whether such amount is unjust or inappropriate, according to the factors set out in § 452.340.1. *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997) (citing *Woolridge v. Woolridge,* 915 S.W.2d 372, 379 (Mo.App. W.D.1996)). The court has considerable discretion in making child support awards retroactive to the date of filing. *Honderick v. Honderick,* 984 S.W.2d 205, 214 (Mo.App. W.D.1999). We will not disturb that judgment absent an abuse of discretion such that the choice of effective date is clearly against the logic of the circumstances and is so arbitrary and capricious as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

■ Here, the trial court correctly calculated the presumed child support. The court then went on to consider relevant factors from § 452.340.1. The court listed specifically that it considered the current economic circumstances, the financial needs and resources of the parents, all resources available to the parents, and the standard of living the children would have enjoyed had the marriage not been dissolved. Furthermore, the trial court found

that Father's testimony regarding his income, expenses, and relationships with the children was not credible. Mother offered several exhibits regarding her expenses, and there was ample evidence of Father's *repeated deception of the court concerning his own income and assets.* The court engaged in the proper analysis, and its decision was supported by substantial evidence and was not against the weight of the evidence. The court's choice of 1 April 2005 was not against the logic of the circumstances, considering Mother filed her motion in August 2004 and the court would have had discretion to award payment retroactive to the date of service of the motion to modify. § 454.496.4. Point denied.

### Attorneys' Fees

A trial court has wide discretion in awarding attorneys' fees, and we will not disturb the award on appeal absent an abuse of discretion. *Barancik v. Meade,* 106 S.W.3d 582, 593 (Mo.App. W.D.2003). A trial court is an expert in the area of attorneys' fees and therefore may fix an appropriate amount with or without the aid of evidence as to the actual fees. *See Bauer v. Bauer,* 38 S.W.3d 449, 457 (Mo. App. W.D.2001).

Mother's evidence of attorneys' fees was admitted at trial without objection, and the trial court found she had incurred fees in the amount of $76,663.99. The court considered the parties' respective abilities to pay the fees and found that Father had a greater ability to pay. The court also took into account the merits of the case and the actions of the parties during the pendency of the case, in accordance with § 452.355.1. The trial court did not abuse its discretion by ordering Father to pay $30,000 toward Mother's attorney's fees. Point denied.

### Father's Request for Abatement of Child Support

Father argues that because he was not provided with documentary evidence of his eldest child's enrollment in college as required by § 452.340.5, he should receive abatement from child support obligations during the time that she was in college. Again Father raises this issue for the first time on appeal. It was not contained in his answer, nor did he file an amended pleading at trial.

Rule 55.33(b) allows for the pleadings to conform to the evidence when issues not raised "are tried by express or implied consent of the parties." At the end of Father's testimony, he asked for abatement and stated that he had not received the necessary documentation. Mother did not object to this testimony as outside the pleadings. When unobjected evidence is admitted and is relevant to an issue outside the pleadings, the parties have impliedly consented to try the issue. *Brazell v. St. Louis Southwestern Ry. Co.,* 632 S.W.2d 277, 281 (Mo.App. E.D.1982). The evidence was that Mother had not provided the documentation required by § 452.340.5, and thus the trial court should have abated Father's child support obligation for those months.

The child entered college in August 2007. Therefore, for the months of August 2007 through the time of the judgment, 4 June 2008, Father's support obligation should be abated. The trial court's judgment included a designated child support amount of $2,015 for such time as there is only one child for whom support is to be paid. Therefore, Father's support obligation for the months of August 2007 through June 2008 should be $2,015 per month rather than $2,550 per month. The total amount of abatement is $5,885 (abatement of $535 per month for 11 months). This should be subtracted from the trial

court's award of $66,300. We modify the trial court's award, and we order Father to pay $60,415 as and for retroactive support.

### Conclusion

We find no plain error resulting in manifest injustice or miscarriage of justice in the trial court's failure to appoint a guardian ad litem. The trial court did not abuse its discretion in its award of attorneys' fees or retroactive child support. The trial court did err in refusing to grant Father abatement of support for the months that he had no documentation of his daughter's enrollment in college. In all other respects, the amounts the trial court ordered are supported by substantial evidence and are results of a proper application of the law. Therefore, we modify the order of retroactive child support and affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., concur.