Taegan Cora CLARK, a Minor Child, By and Through Jimmy CLARK, Next Friend and Jimmy Clark, Individually, Appellant,

v.

Shannon R. INGRAM, Respondent.

No. WD 74554.

Missouri Court of Appeals, Western District.

Sept. 18, 2012.

Michael Kinder, for Appellant.

Michael J. Svetlic, Kansas City, MO, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and MARK D. PFEIFFER, Judge.

Joseph M. Ellis, Judge.

Jimmy Clark ("Father") appeals from a Judgment entered in the Circuit Court of Clay County in an action to establish the paternity of his daughter, T.C.C. Father challenges the trial court's decisions related to custody, visitation, and child support.

While Father's second point on appeal is meritorious and requires amendment of the judgment, his remaining points lack merit, and a formal, published discussion related thereto would serve no jurisprudential purpose.[1] Accordingly, we affirm the trial court's judgment as to those points by summary order pursuant to Rule 84.16(b). A memorandum explaining the reasons for our decision on those points has been provided to the parties. This opinion addresses only Father's second point.

Father and Shannon Ingram ("Mother") dated for about five or six years before Mother became pregnant with T.C.C. By the time T.C.C. was born May 11, 2009, however, they were no longer romantically involved. On August 13, 2009, Father filed a Petition for Paternity, Child Support and Visitation in the Circuit Court of Clay County. Mother filed an answer and counter-petition for paternity.

Following trial, on May 6, 2011, the circuit court entered its judgment declaring Father the natural father of T.C.C. The court granted Mother sole physical and legal custody of T.C.C., established a visitation schedule for Father, and ordered Father to pay $701.00 per month in child support. Father appeals from that judgment.

■ "Our standard of review in a paternity action is governed, as in any court-tried case, by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Huber ex rel. Boothe v. Huber*, 204 S.W.3d 364, 367 (Mo. App. W.D.2006). "Accordingly, we will affirm the trial court's judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Id.* (internal quotation omitted).

■ In his second point, the sole point addressed in this opinion, Father contends that the trial court erred in declaring Mother to be the sole physical custodian of T.C.C. He claims that Mother should not be deemed to have sole physical custody in light of the significant amount of parenting time awarded to him in the schedule of parenting time.

■ "Section 452.375.1(3) defines joint physical custody as an arrangement where each parent is awarded 'significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervisions of each of the parents.'" *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 88 n. 3 (Mo.App. W.D.2006). The term "sole physical custody" is left undefined in the statute. "Given the definition of joint physical custody, however, sole physical custody would logically encompass custodial arrangements in which one of the parents is not awarded significant periods of custodial time." *Id.* Thus, "[t]he determining factor in classifying physical custody as either joint or sole is whether the periods of physical custodial time awarded to the parents is deemed 'significant.'" *LaRocca v. LaRocca*, 135 S.W.3d 522, 525 (Mo.App. E.D.2004). "When the court orders significant periods of time where the child is under the care

---

1. In his first point, Father challenges the trial court's award of sole legal custody to Mother. In his third point, Father challenges the amount of parenting time awarded to him.

In his fourth point, Father challenges the trial court's imputation of additional income to him based upon his "hobby" of buying, repairing, and selling automobiles.

and supervision of each parent, the award is one of joint physical custody, regardless of how the court characterizes it." *Wood v. Wood,* 193 S.W.3d 307, 311 (Mo.App. E.D.2006).

The parenting plan adopted by the trial court gave Father parenting time starting 7:15 a.m. Wednesday with the ending time alternating between 4:45 p.m. Thursday and 4:45 p.m. Friday.[2] The parenting plan also evenly split holidays between the parents and granted Father an additional five consecutive days over the summer. Similar parenting plans have been deemed to have allotted "significant" periods of time under the care and supervision of the parent to make the award one of joint physical custody. *See In re Marriage of House,* 292 S.W.3d 478, 487–88 (Mo.App. S.D.2009) (deeming award of alternating weekends, major holidays, and one week in the summer significant); *Wood,* 193 S.W.3d at 311 (finding significant parenting time awarded where father granted two weekends per month, one evening each week for three hours, certain holidays, and summer vacation time graduating from two to five weeks). Accordingly, based on the amount of parenting time awarded to Father, Father is a joint physical custodian.

Though the trial court mislabeled the physical custody awarded in its judgment, it is unnecessary to "remand for correction of the decree where we can simply recognize and clarify that he is a joint physical custodian." *Potts v. Potts,* 303 S.W.3d 177, 186 (Mo.App. W.D.2010) (citing *Rule 84.14*). Based upon the amount of parenting time awarded to Father in the trial court's judgment, he is a joint physical custodian, and the judgment is amended to reflect that fact. *Rule 84.14.*

2. Once T.C.C. reached kindergarten, Father was to have parenting time on alternating weekends from 4 p.m. Friday until the start of

As so modified, the judgment is affirmed. A memorandum explaining our reasons for denying the points not covered by this opinion has been furnished to the parties pursuant to Rule 84.16(b).

All concur.

**A.G., Appellant,**

v.

**P.G., Respondent.**

**No. ED 97131.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 18, 2012.

Michael P. Cohen, St. Louis, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., SHERRI B. SULLIVAN, and GLENN A. NORTON, JJ.

school on Monday. Every week he was to have parenting time from 4 p.m. Wednesdays until school began on Thursday.