**Jack RUHL, by his next Friend and Natural Mother Stephanie AXE and Stephanie Axe, individually, Respondents,**

v.

**Peter RUHL, Appellant.**

**No. WD 75358.**

Missouri Court of Appeals, Western District.

June 18, 2013.

---

2. The language of the two statutes of limitation are sufficient analogous to make the

*Kinder* case instructive.

Kay Madden, Kansas City, MO, for respondents.

Stephen C. Mayer, Kansas City, MO, for appellant.

Before Division One: GARY D. WITT, Presiding Judge, THOMAS H. NEWTON, Judge and MARK D. PFEIFFER, Judge.

GARY D. WITT, Judge.

This appeal arises from a petition for determination of paternity, child custody, and child support filed on behalf of J.R. by next friend Stephanie Axe (Mother) against Peter Ruhl (Father). Paternity, visitation, and child custody are not issues on appeal. Father argues that the trial court erred in: (1) awarding Mother $22,320 for J.R.'s necessary expenses, accrued since the date Mother and Father stopped living together after J.R.'s birth, and (2) in entering a judgment for monthly child support of $372. The judgment of the trial court is affirmed.

### Factual and Procedural History [1]

■ J.R. was born March 27, 1998. Although never married, Mother and Father lived together at the time of J.R.'s birth and shared expenses until June 2007. At that point—60 months before judgment was entered in this case—they separated, and Father ceased contributing toward the expenses of their child. J.R. resided with Mother. Mother filed this action on January 11, 2012, pursuant to sections 210.817 to 210.852 of the Uniform Parentage Act.

1. "We will review any conflicting evidence in the light most favorable to the judgment and will defer to the trial court's assessment of witness credibility." *M.R.H. v. J.N.P.*, 385 S.W.3d 494, 497 (Mo.App. E.D.2012) (citation omitted).

The judgment from which this appeal is taken was executed on June 5, 2012.

The court heard evidence regarding both parties' incomes. Mother's actual income over the three years prior to the judgment averaged $9,943 per month. Father, throughout the relationship and up to the time of judgment, worked as an artist and a handyman. His income was lower and less regular. His tax returns were not entered into evidence, but both parties testified regarding his income. For example, Father once completed a two-week restoration job for the Plaza Library that resulted in a net income of about $10,000. Father also removed two murals from the downtown library resulting in income of about $20,000. Father worked to prepare a home for sale and netted $14,000 over a period of three to four months. He also performs tree-removal services that yield $100–$200 for four to six hours of work for each job. Father also periodically works as a handyman, painter, etc., at the rate of $25 an hour. He also periodically performs handyman work for his attorney and regularly performs odd jobs (everything from cutting hair to raking leaves to building decks) for a couple in the neighborhood, who recently gave him a 1997 Mazda. Father also has contracted with Mother's business for painting and renovations for an average of $25 an hour and has worked for Mother personally on her house providing handyman services. Mother also has helped Father secure jobs. Mother testified that on average Father works 30 hours a week at $20 per hour. The trial court adopted Mother's Form 14 and found Father's monthly income to be $2,600 per month, which was equal to the amount Mother testified as to his income.

The court also heard evidence about whether Father contributed to J.R.'s support after the parties separated. Father testified that he contributed to J.R.'s support, while Mother testified that any money Father gave her was for purposes other than J.R.'s support (e.g., money toward a mortgage on a house in which Father alone lived and which was titled in Mother's and Father's names).

J.R. attends a private grade school and was just about to enter a private high school at the time of the hearing. The expenses of the private education were figured into the Form 14.

Neither party requested findings of fact or conclusions of law. In its judgment, the trial court, *inter alia*, found that Father was the natural and biological father of J.R., awarded Mother sole legal custody, and awarded Father and Mother joint physical custody. Relevant to this appeal, the court determined that Father shall pay mother $372 per month in child support from April 1, 2012 to July 31, 2012, while J.R. attends a private grade school, and that Father shall pay Mother $481 per month starting August 1, 2012, when J.R. enters the more expensive private high school, and continuing at that rate thereafter. Because the award was from April 1, 2012 and the judgment was dated June 5, 2012, there was a minimal retroactive child support award for that period.

Mother had also calculated J.R.'s necessary expenses, from the time the parties ceased living together in 2007 until 2011, at $165,509.40, and asserted that Father should pay half of this amount or $82,754.70. Without any findings of fact, the trial court determined instead that Father owed $22,320 for past reasonable and necessary expenses for the minor child for the period of time from June 2007 to March 31, 2012. Father appeals.

Further facts are set forth below as necessary.

## Standard of Review

■ "Our standard of review in a paternity action is governed, as in any court-tried case, by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Clark v. Ingram*, 380 S.W.3d 607, 608 (Mo.App. W.D.2012). "Accordingly, we will affirm the trial court's judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Id.*

## Analysis

### I.

■ In his first point, Father argues that the trial court erred in awarding $22,320 for reasonable and necessary expenses on top of an award of two months of retroactive child support because section 452.340.8 and Rule 88.01 allow for an award of necessary expenses in addition to retroactive child support *"only upon a finding that identifies those expenses"* and that the award is without support from evidence in the record.

Put another way, Father argues that the trial court's award of necessary expenses "is arbitrary and *unsupported by any finding* or extrapolation from the evidence in the record if it is not for retroactive child support" (emphasis added). Father did not, however, make a post-trial motion requesting an amendment to the judgment or otherwise ask the trial court to make specific factual findings as to the nature of either the retroactive award of two months of child support or the $22,320 of necessary expenses.

■ Rule 78.07(c) states that "[i]n all cases, allegations of error relating to the form or language of the judgment, *including the failure to make statutorily required findings,* must be raised in a motion to amend the judgment in order to be preserved for appellate review" (emphasis added). *See Crow v. Crow*, 300 S.W.3d 561, 566 (Mo.App. E.D.2009) (where husband alleged error in trial court's failure to make findings pursuant to Rule 88.01 and 452.340.8 relating to calculating child support, husband had waived claim of error and appeal was dismissed). "The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." *Gerlt v. State*, 339 S.W.3d 578, 584 (Mo.App. W.D.2011). "Issues not preserved are not entitled to review on appeal; however, we may review plain errors affecting substantial rights resulting in manifest injustice or a miscarriage of justice." *Downard v. Downard*, 292 S.W.3d 345, 348 (Mo.App. E.D.2009); Rule 84.13(a), (c).

*Ex gratia*, we note that section 210.828.2 of the Uniform Parentage Act states: "A parent's retroactive liability to another party for reimbursement of necessary support provided by that party to the child for whom a parent and child relationship is established under sections 210.817 to 210.852 *is limited to a period of five years next preceding the commencement of the action*" (emphasis added).

■ In contrast to necessary expenses under 210.828, an award of retroactive child support cannot predate the date of filing under either the UPA or provisions relating to dissolution of marriage. Child support may only be retroactive to the date of service of the original petition. *Scobee ex rel. Scobee*, 360 S.W.3d 336, 346 (Mo.App. W.D.2012), quoting § 210.841.7. "A trial court has discretion to order the effective date of a child support order at a time *subsequent to the date of filing.*" *Nevins v. Green*, 317 S.W.3d 691, 695 (Mo. App. W.D.2010) (emphasis added), quoting

§ 452.340.1.[2]

Father argues that the trial court erred in awarding five years of retroactive child support (60 months × $471 is $22,320) rather than necessary expenses because retroactive child support could only have been awarded to a date timed to the filing of the petition. However, due to the lack of findings in the judgment, it is unclear how the trial court arrived at its figure of $22,320 for necessary expenses for the minor child. Mother relies on *Martin v. Obiakor*, in which the Eastern District held that "[a] party seeking an award of *pre-petition* support in an action filed under the UPA could request *either* reimbursement for necessaries under Section 210.828 *or* an award of child support calculated based upon the gross income of the parties under Section 452.340.9." 992 S.W.2d 201, 204 (Mo.App. E.D.1999) (emphasis added). Our review of the statutes, as well a plethora of more recent case law that limit the award of retroactive child support to a date timed to the filing of the petition indicate that, to the extent *Martin* allowed pre-petition retroactive child support, it may have been an aberration in light of more recently decided cases.

■ Child support, in this case, at best could have been awarded retroactively to the date the petition was filed, which was January 11, 2012.[3] If a parent seeking support wishes to recover amounts expended on behalf of the child prior to the filing of the petition, he or she may do so under 210.828.2 and must establish the amounts reasonably and necessarily expended on behalf of the child for a period of up to five years preceding the filing of the petition. *See Brown v. Shannahan,* 141 S.W.3d 77, 81 (Mo.App. E.D.2004) ("law of necessaries, rather than the rule provided in child support guidelines, applies to determine the amount of retroactive child support for the period before the paternity petition is filed") (internal citation omitted).

Nonetheless, here the trial court did not indicate the basis for its award of $22,320 for necessary expenses. Mother's testimony indicates that Father provided no support for the child for the five years preceding the commencement of the action. The court denominated the necessary expenses for a term of June 2007 to March 31, 2012, five years before the date of judgment (and thus was not in violation of section 210.828.2's provision allowing an award of necessary expenses up to five years prior to the commencement of the proceeding). Pursuant to the judgment, child support payments did not start April 2012, well after the date the petition was filed and served. Moreover, Mother submitted evidence of J.R.'s reasonable and necessary expenses from 2007 to 2011 (not 2012), which included private education, medical, dental and orthodontic expenses, health insurance, food, clothing, and housing totaled $165,509, none of which was paid by Father. Mother asserted that Father should be ordered to pay half of that amount, or $82,754.70. We do not know how much of this amount was found by the trial court to be reasonable and necessary due to the lack of findings in the judgment.

---

**2.** We do not have to reach the issue of the conflict between these two statutes (i.e. 210.841 goes back to the date of service, verses 452.340 which goes back to the date of filing) because that issue is not before the court.

**3.** Under section 210.841.7, retroactive child support is limited to the date of *service* of the petition. Under section 452.340.1, retroactive child support is limited to the date of *filing* of the petition. (Emphases added). We find no statute that authorizes an award of retroactive child support prior to the filing of the petition.

If Father had wanted finding of fact and conclusions of law, such that we could review these issues, he could have requested them of the trial court prior to trial or filed a motion under Rule 78.07(c). He did neither. Therefore our review is limited to plain error.

The evidence before the trial court would support any amount, up to and including the amount of $165,509, as the reasonable and necessary expenses for the child for the five years prior to the filing of the petition. Based on the fact Father earns approximately 21 percent of the combined gross income for both parties, if the trial court had determined that the entire $165,509 amount submitted by Mother was reasonable, necessary, and should be included, 21 percent of the amount would have been $34,757. The court ordered Father to pay the total amount of $22,320 for reasonable and necessary expenses of the child. This amount is supported by the evidence.[4] We see no plain error in the trial court's award of necessary expenses in this amount.

Point denied.

## II.

◼ In his second point, Father argues that the trial court erred in entering child support in the monthly amount of $372 because section 452.340, Rule 88.01, and Form 14 require a calculated award based on actual income unless rebutted, and the trial court's award of child support imputes speculative income without rebutting Father's actual income *with a finding of unemployment or underemployment.*

We note again that Father did not ask the trial court to make findings on whether Father was unemployed or underemployed. As discussed *supra,* pursuant to Rule 78.07(c), he cannot complain on appeal about findings that he did not request below. We nonetheless note that although Mother's 2008, 2009, and 2010 tax returns were admitted into evidence, neither party submitted documentary evidence of Father's earnings. Both offered substantial testimony. Mother testified that Father works on average 30 hours a week at $20 per hour. The trial court is free to believe or disbelieve any evidence before it. *Barth v. Barth,* 372 S.W.3d 496, 515 (Mo. App. W.D.2012). Mother's testimony is sufficient to support the trial court's finding as to Father's income in the judgment.

Point denied.

### Conclusion

The judgment of the trial court is affirmed.

All concur.

---

4. Without factual findings we have no way of knowing if the trial court improperly used the child support calculation of $471 per month and multiplied it by 60 months to arrive at its figure of $22,320 for reasonable and necessary expenses or if the trial court properly arrived at this figure based upon a review of the evidence that Mother submitted supporting her allegation of total reasonable expenses for the child of $165,509. The purpose of Rule 78.07(c) is to provide us with the proper factual findings to allow review of this type issue.