

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

GREAT WEST CASUALTY COMPANY,  )  No. ED109819
                                                  )
       Appellant,  )  Appeal from the Circuit Court of
                                                  )  St. Louis County
vs.  )
                                                  )  Honorable John N. Borbonus
DEBORAH CARR, ET AL.,  )
                                                  )
       Respondents.  )  Filed: February 15, 2022

## I.      Introduction

Great West Casualty Company ("Great West") appeals from the judgment of the Circuit Court of St. Louis County, whereby Great West was dismissed, *without* prejudice, from the underlying interpleader action it commenced to determine the proper distribution of $1 million of insurance proceeds following a vehicular accident caused by its insured. In its sole point on appeal, Great West argues that although the circuit court correctly dismissed it from the interpleader action, its dismissal should have been *with* prejudice, as a dismissal *without* prejudice is erroneous because it remains exposed to additional liability beyond the policy limits of its insured. However, because Great West did not file a motion to amend the judgment pursuant to Rule 78.07(c)[1], Great West has not preserved this issue for appellate review, and thus, this appeal must be dismissed.

---

[1] All rule references are to Missouri Supreme Court Rules (2019).

## II.    Factual and Procedural Background

This case arises from a tragic multi-vehicle motor vehicle accident that occurred on Interstate 64 in St. Louis County, Missouri on January 23, 2018 (the "Accident").  Specifically, an employee of Great West's insured, Diamondback Services, Inc. ("Diamondback"), allegedly caused the Accident, which resulted in the death of Ryan Stoll ("Stoll") and bodily injuries to several others, as well as substantial property damage.  Stoll's parents, Chet Stoll and Deborah Carr (collectively the "Parents"), filed suit against Diamondback in the Circuit Court of St. Louis County in 2018; several other individuals injured in the Accident also made claims against Diamondback for bodily injury and property damage (collectively the "Claimants").

Although Great West attempted to reach a global settlement with all the Claimants, it was unable to do so, as the Claimants' total demands exceeded the $1 million limits of its insured's policy.  On July 15, 2019, Great West commenced an equitable action for interpleader pursuant to Rule 52.07, naming each of the Claimants as defendants therein (the "Petition").

After each Claimant had been served with the Petition and filed a responsive pleading thereto, Great West filed its *Motion for Order of Payment and Discharge of Liability* on November 20, 2019, whereby Great West requested: (1) that the circuit court accept jurisdiction of the insurance proceeds; and (2) that Great West be "discharged from any and all liability with respect to this case and, more particularly, any and all liability with respect to the policy of insurance issued by [Great West] to Diamondback Services, Inc., … and dismissed as a party in this action."  In their written response to Great West's motion, Parents objected to the scope of the relief being sought by Great West, noting that it was "extraordinarily broad and vague," and furthermore, was "much broader than allowed by Rule 52.07."  The circuit court subsequently issued an order, dated March 20, 2020, whereby Great West was ordered to deposit the sum of

$1 million with the clerk of the court. At this time, however, the circuit court did not rule on Great West's request to be dismissed and discharged from any and all liability with respect to this case.

Great West was subsequently granted leave to file an amended petition that also sought relief pursuant to § 507.060, RSMo.[2], which was deemed filed as of October 16, 2020 (the "Amended Petition"). In its Amended Petition, Great West requested the following in its prayer for relief:

> C. That Plaintiff and its insureds may be fully and finally discharged from all further liability by reason of filing this interpleader cause of action and payment of the proceeds of the Policy into this Court, pursuant to R.S.Mo. [§] 507.060.
>
> D. That Defendants be required to execute a full release of all insureds under the Plaintiff's policy upon distribution of interplead [sic] funds.

On March 4, 2021, Parents filed their *Motion for Order and Judgment Dismissing Plaintiff* (the "Motion for Dismissal"), which requested an order dismissing Great West from the interpleader action. On the same date, Parents also filed their *Motion for Judgment of Distribution of Interpleaded Funds*, which requested the distribution of the interpleaded funds according to the allocation agreed to by the Claimants. Following additional motion briefing by Great West and Parents, including the parties' submission of proposed judgments, the circuit court entered two separate judgments on June 14, 2021, which effectively disposed of the case. Both of the judgments entered were those proposed by Parents.

First, the circuit court entered a *Judgment and Order Dismissing Plaintiff* (the "Dismissal Judgment"), whereby Great West was dismissed from the case and discharged from further liability. Specifically, ¶ 3 of the Dismissal Judgment contained the following simple dismissal

---

[2] All statutory references are to Mo. Rev. Stat. Cum. Supp. (2019).

language: "That Plaintiff is hereby dismissed from this action." In addition, ¶ 4 of the Dismissal Judgment provided as follows regarding Great West's discharge from further liability:

> The Court further orders Plaintiff Great West Casualty Company to be discharged from further liability, regarding its policy number GWP147160, with respect to any claims of Defendants to the funds deposited arising out of the multi-vehicle collision which occurred on or about January 23, 2018 on eastbound Interstate 64 of St. Louis County, Missouri; and orders each party to pay his/her/its own attorney fees and costs. This Judgment makes no finding regarding Plaintiff's claim under R.S.Mo. 507.060.4 as that issue is not ripe for determination.

Second, the circuit court entered its *Judgment and Order of Distribution* (the "Original Distribution Judgment"), whereby the court adopted the Claimants' agreement regarding the distribution of the interpleaded insurance proceeds, of which Parents received the lion's share—$963,176.90. However, due to an apparent minor mathematical error in dividing the insurance proceeds in the Original Distribution Judgment, the circuit court entered an *Amended Judgment and Order of Distribution* (the "Amended Distribution Judgment") on July 7, 2021, whereby Parents' distribution was reduced by $0.03, to $963,176.87. In all other respects, the Amended Distribution Judgment was identical to the Original Distribution Judgment.

Although not adopted by the circuit court, Great West submitted its own proposed order in connection with the parties' motion briefing, discharging it from further liability and specifying the distribution of the insurance proceeds to the Claimants. While Great West's proposed order was virtually identical to that of Parents with respect to the distribution of the insurance proceeds, there were several noteworthy differences with respect to its proposed discharge from further liability. First, ¶ 16 of Great West's proposed order stated:

> The Court further orders Plaintiff Great West Casualty Company to be discharged from further liability, pursuant to Mo. Rev. Stat. §507.060, with respect to any and all claims of Defendants arising out of the multi-vehicle collision which occurred on or about January 23, 2018 on eastbound Interstate 64 St. Louis County, Missouri; and orders each party to pay his/her/its own attorney fees and costs.

4

Second, ¶ 17 of Great West's proposed order stated, in pertinent part, as follows:

> The Judgment in no way is to be construed as a determination of liability, fault, or damages of any party except as to Plaintiff. The Judgment does not release any party from liability except Plaintiff as stated herein. The Judgment is not to be construed to limit or prevent the parties from making claims and/or adjudicating claims and liability and damages arising from the underlying motor vehicle collisions except as it relates to claims against Plaintiff. The Court recognizes the interplead [sic] funds are limited and may not fully compensate the parties.

It is worth noting that Great West's proposed judgment did <u>not</u> in any way provide for its own "dismissal" from the interpleader action (either *with* or *without* prejudice); rather, it simply provided for Great West's "discharge from further liability," as set forth in ¶ 16 above. It is also worth noting that the record does not reflect that Great West ever filed a motion to amend the Dismissal Judgment, pursuant to Rule 78.07(c), after it was filed on June 14, 2021. In addition, the record does not reflect that Great West otherwise objected to the Dismissal Judgment, including a motion filed pursuant to Rule 78.09. At oral argument, counsel for Great West acknowledged that no such motions were filed. Rather, following the Amended Distribution Judgment becoming final, Great West simply filed its timely notice of appeal, and this appeal followed.

### III.    Standard of Review

"The standard of review in suits of an equitable nature is that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or unless it erroneously declares or applies the law." *Anglen v. Heimburger*, 803 S.W.2d 109, 112 (Mo. App. W.D. 1990) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)); *accord Amwest Sur. Ins. Co. v. Stamitiou*, 996 S.W.2d 708, 711 (Mo. App. W.D. 1999).

5

## IV.     Discussion

As a preliminary matter, because Great West's dismissal in ¶ 3 of the Dismissal Judgment was not expressly *with* prejudice, we must presume that it was *without* prejudice. *See, e.g.*, *Jeffrey v. Cathers*, 104 S.W.3d 424, 428 (Mo. App. E.D. 2003) (citing Rule 67.03). Furthermore, although "[t]he general rule is that a dismissal without prejudice is not a final judgment and, therefore[,] cannot be appealed," a party may nonetheless appeal from a dismissal without prejudice "if the dismissal has the practical effect of terminating the action in the form cast." *Id*.  In this case, because the Dismissal Judgment had the practical effect of terminating the interpleader action as to Great West, it became a final judgment from which an appeal was permitted upon the Amended Distribution Judgment becoming final.

However, before we can reach the merits of Great West's sole point on appeal, we must first address whether this point was properly preserved for appellate review.  Great West argues that the circuit court should have dismissed it from this interpleader action *with* prejudice, but instead erroneously dismissed it *without* prejudice, which Great West argues does not provide it with "finality," and leaves it exposed to "liability in excess of policy limits upon the tendering of policy limits."  However, as further explained below, we need not address whether the circuit court erred in this regard because we find that Great West failed to preserve this issue for appellate review by not filing a motion to amend the Dismissal Judgment pursuant to Rule 78.07(c), which was required because this allegation of error relates to the form or language of the Dismissal Judgment.

Rule 78.07, which addresses after-trial motions, generally governs our disposition of this appeal.  However, as sub-section (a) of Rule 78.07 pertains to jury tried cases only, it is not relevant; rather, sub-sections (b) and (c) state the relevant provisions.  Sub-section (b) generally

6

provides that neither a motion for a new trial nor a motion to amend the judgment are required in cases tried without a jury, such as this one; however, sub-section (b) is subject to sub-section (c), which further provides that, "[i]n all cases, allegations of error *relating to the form or language of the judgment*, … must be raised in a motion to amend the judgment in order to be preserved for appellate review." (Emphasis added).

Missouri courts have specifically recognized that "[t]he purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." *Ruhl ex rel. Axe v. Ruhl*, 401 S.W.3d 553, 557 (Mo. App. W.D. 2013) (quoting *Gerlt v. State*, 339 S.W.3d 578, 584 (Mo. App. W.D. 2011)). "Issues not preserved are not entitled to review on appeal; however, we may review plain errors affecting substantial rights resulting in manifest injustice or a miscarriage of justice." *Id.* (quoting *Downard v. Downard*, 292 S.W.3d 345, 348 (Mo. App. E.D. 2009), and citing Rule 84.13(a), (c)).

In this case, there is no dispute that Great West did not file a motion to amend the Dismissal Judgment pursuant to Rule 78.07(c) prior to commencing this appeal. However, if Great West had an issue with being dismissed from the interpleader action *without* prejudice, in order to preserve that issue for appellate review, it was required to raise the issue with the circuit court via a timely motion to amend the Dismissal Judgment pursuant to Rule 78.07(c). Through the filing of the motion, the circuit court could easily have corrected the language of the judgment, *provided* that Great West was entitled to a dismissal *with* prejudice.[3]

Furthermore, although we acknowledge that Great West argued it was entitled to a dismissal *with* prejudice in its motion briefing to the circuit court, this ***pre-judgment*** argument

---

[3] Although we expressly do <u>not</u> decide whether Great West would have been entitled to a dismissal *with* prejudice under the particular facts and circumstances of this case if the issue had been timely raised, such relief appears unlikely under applicable Missouri law, as Parents argued in their motion briefing to this Court.

does not obviate the need to file a timely motion to amend the Dismissal Judgment itself pursuant to Rule 78.07(c), which Great West failed to do. Although such a motion may have seemed redundant to Great West's counsel at the time, the language of Rule 78.07(c) is very clear, and we simply cannot ignore it. Such a motion was especially important in this case because, as noted, Great West's own proposed order did not in any way provide for its own "dismissal" from the interpleader action (either *with* or *without* prejudice); rather, its proposed order simply provided for Great West's "discharge from further liability," as set forth in ¶ 16 thereof. On the other hand, the proposed order submitted by Parents, which the circuit court ultimately adopted, did provide for Great West's "dismissal," albeit without specifying whether the dismissal was *with* or *without* prejudice. Therefore, under these specific facts, Great West can hardly convict the circuit court of error in failing to dismiss it with prejudice, as Great West was required to call this issue to the attention of the circuit court on a timely basis. If appropriate, the circuit court could have corrected the wording of the Dismissal Judgment quickly and efficiently without the necessity of this appeal, which is the whole point of Rule 78.07(c). *Ruhl*, 401 S.W.3d at 557.

Consequently, because Great West failed to file a motion to amend the Dismissal Judgment pursuant to Rule 78.07(c), Great West has failed to preserve this issue for appellate review, waiving its sole claim of error. *Ruhl*, 401 S.W.3d at 557. Accordingly, this appeal must be dismissed.

## V.    Conclusion

For these reasons, the appeal is dismissed.

_____
Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

8